PER CURIAM:
ON PETITION FOR REHEARING
After our decision in this case, a petition for rehearing was filed which raised several legal questions, including the contention that this case was now moot in view of the decision of the United States Court of Appeals, Fifth Circuit, in Keller v. Gilliam, 454 F.2d 55 (5th Cir. 1972). An examination of this case reveals that it was a “one man-one vote case” involving Lowndes County Board of Supervisors. The court affirmed the order of the district court ordering that the county be redistricted to comply with the one man-one vote principle, but reversed the order of the district court allowing the members of the Board of Supervisors to be elected for a four year term. The order of the court is as follows:
It is therefore ordered that upon the approval of a legally sufficient plan by the district court, and, in any event, not later than May 30, 1972, the district court shall order that a final election be held under the laws of the State of Mississippi in the five (5) respective districts (beats) of Lowndes County for the selection of a board of supervisors in compliance with the Voting Rights Act of 1965, 42 U.S.C.A. Section 1973, et seq., and in compliance with the one man-one vote mandate of the United States Constitution. Those supervisors elected pursuant to the terms of this order shall assume and hold the offices to which they are elected within thirty (30) days after such election. (454 F.2d at 57, 58).
Inasmuch as this order directed a new election be held for all the members of the Board of Supervisors of Lowndes County, we did not deem it practical for us to also order a special election. We were confronted with the question of whether a valid election could be held prior to the time the county was redistricted in accordance with the order of the federal court. Furthermore, we did not deem it practical for us to put the county to the expense of holding a special election where the person elected could only serve for a short time before another election would be had. Therefore, we decided a decision on the petition for rehearing should be held in abeyance until it was determined that a special election would be had in accordance with the order of the federal court. The county was redistricted and an election has now been held in which the appellant was a candidate. Appellant has thereby obtained the relief that he desired in this case.
After a careful consideration of the issues raised in the petition for rehearing, we are of the opinion it should be denied. However, since a special election has now been held, no mandate of this Court will issue requiring a special election. The cost of this appeal will be taxed against the appellee.
Petition for rehearing denied.